IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CARLET DeETTA WARD,       )
                                )
      Plaintiff,             )
                                )      C.A. No. K21C-07-017 RLG
      v.                    )
                                )
                                )
DELAWARE STATE POLICE,     )
DELAWARE VICTIM'S           )
COMPENSATION ASSISTANCE    )
PROGRAM,                 )
                                )
      Defendants.         )

## ORDER

Submitted: September 27, 2021
Decided: October 4, 2021

***Upon Plaintiff's Motion for Reargument***
**DENIED**

Carlet DeEtta Ward (hereinafter "Ms. Ward") has filed a Motion for Reargument in response to this Court's bench decision denying Ms. Ward's Motion for Default Judgment. For the following reasons, Ms. Ward's Motion for Reargument is **DENIED**.

1. Ms. Ward filed the Motion for Default Judgment on August 16, 2021, against the Delaware State Police and the Delaware Victim's Compensation Assistance Program (hereinafter collectively "Defendants"). In a bench decision issued on September 17, 2021, this Court denied Ms. Ward's Motion for Default Judgment on the grounds that Ms. Ward had failed to serve the Attorney General, the State Solicitor, or the Chief Deputy Attorney General pursuant to 10 *Del. C.* §

3103(c).[1]  On September 20, 2021, Ms. Ward filed a letter with the Court, which the Court has deemed a motion for reargument pursuant to Superior Court Civil Rule 59(e) (hereinafter "Plaintiff's Motion for Reargument"), asking for her "[o]bjection to [the] decision [to] be noted and [the decision to be] reconsidered as an error has been made on the Court's part."[2]  On September 27, 2021, Defendants filed a response to Plaintiff's Motion for Reargument.

2.    "Delaware law places a heavy burden on a party seeking relief pursuant to Rule 59."[3]  The disposition of motions under Rule 59(e) is within the discretion of the Court.[4]

3.    To succeed on a motion for reargument pursuant to Rule 59(e), the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[5]  Motions for reargument should not be used to rehash arguments already decided by the Court, or to present new arguments not previously raised.[6]

---

[1] 10 *Del. C.* § 3103(c) ("No service of summons upon the State, or upon any administrative office, agency, department, board or commission of the state government, or upon any officer of the state government concerning any matter arising in connection with the exercise of his or her official powers or duties, shall be complete until such service is made upon the person of the Attorney General or upon the person of the State Solicitor or upon the person of the Chief Deputy Attorney General."); *accord Wilson v. Metzger*, 2019 WL 166687, at *1 (Del. Super. Jan. 4, 2019) (citing 10 *Del. C.* § 3103(c)) ("In Delaware, any summons initiating a lawsuit against the State of Delaware or any state officer, must be served upon the Attorney General, State Solicitor, or Chief Deputy Attorney General, in *addition to the Defendants*") (emphasis in original); *see also Christianson v. Dart-Delaware Transit Corp.*, 2020 WL 6887954, at *4 (Del. Super. Nov. 24, 2020) (dismissing *pro se* party's complaint for failure to properly serve state officers, stating "[a]lthough this Court sympathizes with pro se [sic] parties, it cannot hold pro se [sic] parties to a lesser standard than it would a licensed attorney in a similar situation").
[2] Pl.'s Mot. for Reargument at 1.
[3] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017) (internal quotation omitted).
[4] *Indep. Mall, Inc. v. Wahl*, 2013 WL 871309, at *1 (Del. Super. Jan. 17, 2013).
[5] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000), *aff'd*, 763 A.2d 90 (Del. 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).
[6] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process for reaching closure on the issues.'"[7] In order for such a motion to be granted, the movant must show that "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[8]

4.     In the present case, Ms. Ward argues that the Court erred in denying default judgment because "[t]he sheriff served both defendants as named in this case . . . [a]t their known office addresses."[9]  Additionally, Ms. Ward states that if the Defendants "wanted [her] to forward all motions and communications to the State Attorney General's office . . . they would have contacted [her] and told [her] to do so after receiving the initial complaint."[10]

5.     Here, the Court has reviewed and considered Plaintiff's Motion for Reargument.  The Court finds that Ms. Ward has not met her burden pursuant to Rule 59(e).  Ms. Ward's arguments are both "rehashed" and "new," and do not alter the requirement that Ms. Ward serve the Attorney General, the State Solicitor, or the Chief Deputy Attorney General pursuant to 10 *Del. C.* § 3103(c).  Ms. Ward has failed to demonstrate newly discovered evidence, a change in the law, manifest injustice, or that the Court overlooked controlling precedent or legal principles or misapprehended the law or facts in a manner that would have changed the outcome

---

[7] *Id.* (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan 14, 2004)).
[8] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (quoting *Bd. of Managers of the Del. Crim. Just. Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).
[9] Pl.'s Mot. for Reargument at 1.
[10] Pl.'s Mot. for Reargument at 1.

of the underlying decision. Therefore, Plaintiff's Motion for Reargument is **DENIED**.

       **IT IS SO ORDERED.**


                             /s/ Noel Eason Primos
                                        Judge


NEP/wjs
via File & ServeXpress and U.S. Mail
oc:    Prothonotary
       Counsel of Record
       Carlet DeEtta Ward